UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY MYLAND,

    Plaintiff,

File No. 1:08-CV-632

v.

HON. ROBERT HOLMES BELL

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
                                        /

## MEMORANDUM OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action comes before the Court on Plaintiff Kimberly Myland's objections to the Magistrate Judge's September 11, 2009, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits be affirmed. (Dkt. No. 18, Obj. to R&R.) This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.1991)).

Plaintiff contends that the Magistrate Judge erred in refusing to remand this matter to the Commission for consideration of new evidence.

The Magistrate Judge rejected Plaintiff's request for remand on the basis of his determination that Plaintiff did not carry her burden of demonstrating good cause for failing to present the evidence to the ALJ, and, alternatively, because the evidence was not material. (Dkt. No. 16, R&R 8.) Upon review, the Court agrees with the Magistrate Judge's conclusion that the "new evidence" – the second statement from Dr. Crooks – was not necessary to correct a "misinterpretation," and that it would not have reasonably persuaded the Commissioner to reach a different conclusion. Accordingly, the Court finds that Magistrate Judge appropriately denied Plaintiff's request for a remand.

Plaintiff's second objection to the R&R is based on her contention that the hypothetical questions the ALJ posed to the vocational expert failed to accurately describe Plaintiff's impairments, including her multiple sclerosis and depression. The Court agrees with the Magistrate Judge that the questions posed to the vocational expert were not erroneous simply because the ALJ omitted subjective complaints that the ALJ found were not fully credible.

Finally, Plaintiff objects to the deference accorded by the Magistrate Judge to the ALJ's determination that Plaintiff's testimony regarding the severity of her symptoms was not credible. Plaintiff contends that the ALJ's credibility determination is not entitled to deference because the ALJ did not observe her until more than two years after Plaintiff's

disability insured status had expired, and the ALJ simply substituted her opinion of the Plaintiff's condition for the documented evidence from the Plaintiff's doctors.

Plaintiff mischaracterizes the ALJ's findings. The ALJ did not simply substitute her opinion for that of Plaintiff's doctors. The ALJ evaluated Plaintiff's testimony and determined that Plaintiff's statements concerning the intensity, duration, and limiting effects of her symptoms were not entirely credible. (Tr. 22.) As correctly noted in the R&R, it was the ALJ's job, not the treating physician's job, to make the credibility determination regarding Plaintiff's testimony concerning her subjective functional limitations on and before the expiration of Plaintiff's disability insured status. *Allen v. Comm'r*, 561 F.3d 646, 652 (6th Cir. 2009). The Court agrees with the analysis in the R&R. Accordingly,

**IT IS HEREBY ORDERED** that the September 11, 2009, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's request for a remand to the Commission under sentence six of 42 U.S.C. § 405(g) is **DENIED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

Dated: December 29, 2009        /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE